## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

TAMI VANMETER,

      Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES; and METROPOLITAN LIFE INSURANCE COMPANY,

      Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Tami VanMeter, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendants.

### PARTIES

1.     Plaintiff, Tami VanMeter, is a natural person and citizen of the State of Colorado, with a current address of 1662 South Humboldt Street, Denver, Colorado 80210.

2.     Defendant Sedgwick Claims Management Services ("Defendant Sedgwick") is a corporation and/or similar business entity which regularly conduct business in the State of Colorado. The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120. Upon information and belief, Defendant is a citizen of the State of Tennessee, where it is incorporated and/or headquartered.

3.     Defendant Metropolitan Life Insurance Company ("Defendant MetLife") is a corporation and/or similar business entity which regularly conduct business in the State of Colorado. The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268. Upon information and belief, Defendant is a citizen of the State of New York, where it is incorporated and/or headquartered.

**JURISDICTION AND VENUE**

4.     At all pertinent times, the Comcast Corporation ("Comcast") provided its employees with wage replacement benefits (short term disability or "STD," and long-term disability "LTD"), pursuant to an employee benefit plan as defined by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA").  Upon information and belief, Comcast is the sponsor and administrator of the benefit plan ("the Plan"). On further information and belief, Comcast has delegated its obligation to make all benefit decisions at issue in this claim to the above-named Defendants.

5.     At all pertinent times, Plaintiff was a full-time employee of Comcast and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6.     Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for STD and LTD benefits subject to the terms and conditions of the Plan.

7.     This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA and the subject ERISA Plan.

8. ***In the alternative***, and if the subject benefits are not governed by ERISA, this Court has jurisdiction based on the diversity of the parties and the amount in controversy.

A. Plaintiff is a citizen of Colorado;

B. Defendant Sedgwick is a citizen of Tennessee;

C. Defendant MetLife is a citizen of New York;

D. Plaintiff seeks overdue STD and ongoing LTD benefits, as well as attorney fees, cost and interest, the total value of which exceeds $75,000.00.

9. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendants regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

10. Plaintiff incorporates and realleges by reference the previous paragraphs of this Complaint.

11. At all pertinent times, Plaintiff was insured through an employer-sponsored disability insurance program provided by the Comcast Corporation ("Comcast") for the benefit of its employees, identified herein as the Plan which is, upon information and belief, governed by ERISA.

12. As set forth above, that program includes both STD and LTD.

13. At all pertinent times, Plaintiff was a full-time and active employee of Comcast and a participant in the aforementioned disability Plan and therefore eligible to apply for STD and LTD.

14.    At all pertinent times, and prior to her disability, Plaintiff was employed by Comcast as a direct sales-customer account representative, a position which requires constant sitting, use of a computer and near constant interaction with customers and coworkers.

15.    As pertinent here, said plan defines "disability" as the inability, due to sickness, injury or otherwise, to perform the material functions of one's own occupation.

16.    Upon information and belief, Comcast has delegated all decision-making authority and responsibility for administration of the plan to Defendants.

17.    This includes, but is not limited to, responsibility for the processing of claims and the timely and correct payment of STD and LTD benefits.

18.    Defendant Sedgwick administers STD claims.

19.    Defendant MetLife administers LTD claims.

20.    Upon information and belief, Defendant MetLife also insures the LTD benefits and is therefore acting pursuant to an inherent conflict of interest.

21.    Plaintiff was forced to stop working in or around September 2022 due to a number of debilitating medical issues, including but not limited to a history of significant orthopedic injuries requiring two back surgeries, fibromyalgia and/or chronic pain/fatigue syndrome.

22.    At all pertinent times, Plaintiff was disabled as defined by the Plan as a result of her chronic pain and fatigue.

23.    Defendant Sedgwick initially denied Plaintiff's claim for STD in or around October, 2022.

24.     After Defendant Sedgwick denied benefits, Plaintiff timely filed an appeal in or around January, 2023.

25.     Defendant Sedgwick overturned its denial, agreeing Plaintiff was disabled, and agreed to pay Plaintiff's overdue STD benefits.

26.     Defendant Sedgwick tendered payments for STD to Plaintiff, but the amounts paid by Defendant does not reflect the correct amount due and owing to Plaintiff.

27.     According to documents produced by Sedgwick, Plaintiff should have received approximately $30,000.00 in STD (which to date she has received less than half of).

28.     Defendant Sedgwick has failed to meaningfully respond to Plaintiff's repeated written requests for an explanation and/or the payment of the additional benefits owed.

29.     On or about May 3, 2023, Plaintiff appealed the improper calculation of her STD benefits after all previous correspondence were ignored.

30.     As of this date, Defendant Sedgwick has not responded to the appeal.

31.     Thereafter, Plaintiff applied for LTD benefits from Defendant MetLife.

32.     Plaintiff provided Defendant MetLife with medical records and other information in support of her claim.

33.     Defendant MetLife denied Plaintiff's claim for LTD in or around August 2023.

34.     Plaintiff subsequently appealed, and submitted additional information including a Functional Capacity Exam, but Defendant MetLife upheld its decision and issued a final denial of LTD benefits on or about November 16, 2023.

35.     Plaintiff has therefore exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**

36.    At all pertinent times, Plaintiff was covered by the Plan, which included STD and LTD benefits, as set forth above.

37.    Upon information and belief, the Plan is subject to ERISA.

38.    At all pertinent times, Defendants were both claim fiduciaries, fiduciaries and/or administrators of the Plan, and/or claim administrators, within the meaning of ERISA and/or law.

39.    Defendants were otherwise delegated the authority to administer claims for STD and/or LTD benefits by the Plan.

40.    At all pertinent times, Plaintiff met the criteria for STD under the Plan including that she was unable to perform the functions of her own and/or any other occupation and provided reasonable documentation (medical or otherwise) of that fact.

41.    Defendant Sedgwick ultimately agreed Plaintiff was disabled for the purposes of STD benefits, but has failed to pay the correct amount and failed to respond to repeated requests for additional information.

42.    Defendant Sedgwick has failed to issue a decision on Plaintiff's appeal, in violation of ERISA and/or the Plan.

43.    Defendant Sedgwick has therefore improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff STD benefits due and owing under the Plan.

44.    Defendant MetLife has wrongfully, erroneously, arbitrarily and/or capriciously denied Plaintiff LTD benefits due and owing under the Plan.

45.    Defendants' wrongful conduct includes, but is not limited to:

A.    Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers;

B.    Failing to provide an adequate review and appeal;

C.    Failing to act in Plaintiff's best interests;

D.    Failing to consider credible evidence of functional impairments;

E.    Failing to reasonably interpret and apply the terms of the Plan;

F.    Failing to conduct a reasonable investigation; and

G.    Failing to reasonably and properly interpret and implement all Plan provisions.

46.    Defendants have otherwise unreasonably failed to tender LTD benefits.

47.    Defendants' wrongful conduct has caused injuries and damages to the Plaintiff, including lost STD and/or LTD benefits.

## SECOND ALTERNATIVE CLAIM FOR RELIEF: BREACH OF CONTRACT

48.    *In the alternative*, and if the Plan (or any part thereof) is not subject to ERISA, Defendants have breached their contractual obligations to Plaintiff, for the reasons set forth above.

49.    Plaintiff has suffered injuries and damages as a result.

50.    Defendants' breach of contract was unreasonable, and arbitrary and capricious, for the reasons set forth above.

## DAMAGES

51.     The Defendants' above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to:  Past and future economic damages, including but not limited to loss of STD and/or LTD benefits.

WHEREFORE, Plaintiff requests judgment and damages against Defendants and/or the Plan as follows:

A.     A declaratory judgment that Defendants have violated Plaintiff's rights under ERISA;

B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendants to make Plaintiff whole and/or to return them to the position Plaintiff would have obtained in the absence of Defendants' wrongful conduct, including payment of health insurance premiums otherwise covered by the policy;

C.     Retroactive reinstatement STD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b);

D.     Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E.     Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1);

F.  Appropriate equitable relief including retraining of employees, and/or providing notice to employees a full statement of available rights under the Plan;

G.  An Order directing Defendants to process Plaintiff's claim for long-term disability benefits; and

H.  Such other and further relief as this Court deems just and appropriate.

Dated this 19th day of December, 2023.

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*

_____

Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
Email: counsel@silvernbulger.com